UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS J. QUEEN,                  :
                                    :
          Plaintiff                 :
                                    :
     v.                             :   CIVIL NO. 3:CV-06-615
                                    :
B. CHAMBERS,                        :   (Judge Conaboy)
                                    :
          Defendant                 :

_____

### MEMORANDUM AND ORDER
### Background

Nicholas J. Queen, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se civil rights action. Along with his complaint, Plaintiff has submitted a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Queen's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as sole Defendant is USP-Lewisburg Administrative Officer B. Chambers. Plaintiff states that on February 2, 2006, he sent a request to the Defendant "regarding the manner in which his

---

1. Queen completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of USP-Lewisburg to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

sentence was executed by a former Administrative Federal Prison Officer." Doc. 1, ¶ 6. He generally contends that Chambers "grossly neglected to investigate Plaintiff's request" and thereby committed a due process violation. Id. at ¶ 7. His complaint seeks compensatory and punitive damages for physical, mental and emotional injuries.

This is the latest in a series of civil rights complaints and habeas corpus petitions filed by Queen with this Court. The gist of his claims is that the Federal Bureau of Prisons (BOP) improperly altered his federalسentence. By way of background, Queen was sentenced to a two (2) year term of incarceration by a Maryland state court in 1993. He was subsequently named in an eight (8) count federal indictment relating to his participation in armed and unarmed bank robberies. Following a jury trial in the United States District Court for the District of Maryland, Queen was found guilty of federal bank robbery charges and sentenced to a five hundred and sixty-two (562) month term of incarceration. See United States v. Queen, 73 F. 3d 359 (D. Md. 1995).

The Plaintiff was mistakenly transferred to USP-Lewisburg on October 24, 1994, for the purpose of serving his federal sentence rather than being returned to the custody of Maryland state officials. Plaintiff was returned to the custody of the State of Maryland on December 16, 1994 in order to complete service of his previously imposed state sentence. Following completion of his state sentence, Queen was transferred back into federal custody on April 24, 1995. It has been and apparently remains Plaintiff's

contention that the BOP altered his federal sentence when he was returned to Maryland state custody.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton, 504 U.S. at 33.

It is well-settled that inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriquez, 411 U.S. 475 (1975).  As noted above, Queen's present complaint indicates that Defendant Chambers failed to correct the BOP's purported improper execution of his federal sentence.  Thus, Queen is clearly attacking the BOP's determination of the length and service of his federal sentence.

Plaintiff previously raised similar allegations in unsuccessful federal habeas corpus petitions, See Queen v. Romine, Civil No. 3:CV-98-2074, slip op. (M.D. Pa. Jan. 21, 2000)(Conaboy, J.); Queen v. Dodrill, Civil No. 3:CV-03-290; slip op. (M.D. Pa. March 18, 2003)(Conaboy, J.); Queen v. Federal Bureau of Prisons, Civil No. 3:CV-05-2504, slip op. (M.D. Pa. December 12, 2005) (Conaboy, J.).  He also previously and unsuccessfully employed civil rights actions to assert the same claim.  See Queen v. Booth,

Civil No. 3:CV-02-0610 (M.D. Pa. May 10, 2002)(Conaboy, J.) and Queen v. Federal Bureau of Prisons, Civil No. 3:CV-05-2378 slip op. (M.D. Pa. Nov. 29, 2005)(Conaboy, J.).

It is apparent that Queen is presently attempting to bypass the unsuccessful results from his prior federal actions by reasserting his allegations as a claim that a federal official failed to take corrective action. However, as this Court has reiterated to the Plaintiff on multiple occasions, the only appropriate way for him to challenge the computation of his federal sentence is via a properly filed habeas corpus petition.

Queen seeks an award of compensatory and punitive damages. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Thus, Queen's requests for monetary damages are premature because he cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid. Pursuant to the above discussion, Plaintiff's complaint

5

will be dismissed, without prejudice.  An appropriate Order will enter.

AND NOW, THEREFORE, THIS 6th  DAY OF APRIL, 2006, IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).
2. The Clerk of Court is directed to close the case.
3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

    S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge